227 P.2d 627

### B & R DRILLING CO. v. GARDNER.
### No. 5314.

Supreme Court of New Mexico.

Feb. 6, 1951.

W. C. Whatley, W. B. Darden and LaFel E. Oman, Las Cruces, for appellant.

Benjamin M. Sherman, Ray Hughes, Deming, for appellees.

SADLER, Justice.

The question for decision is whether a contract for the drilling of a well to produce water for irrigation purposes is subject to the provisions of L.1939, c. 197, 1941 Comp. § 51–1901 et seq., as amended, denying the contractor access to the courts of the state for the collection of any compensation due under the contract without alleging and showing himself to be a duly licensed contractor under the provisions of the act at the time the cause of action arose.

The controversy arises out of a contract in writing between plaintiffs and the defendant for the drilling by the former of a well for defendant on what is known as the "Jack Smyer Ranch" located northeast of Deming in Luna County for which plaintiffs were to receive $7.50 per foot. The well was completed to a depth of 243 feet for which, after crediting a payment, there remained due plaintiffs at time of instituting this action the sum of $1,469 plus an additional sum for work done outside the contract, but in connection therewith, sufficient to make the total amount due plaintiff from defendant at time of trial the sum of $1,897. The well in question was drilled to produce water for agricultural purposes.

All of the foregoing facts are embraced in specific findings made by the trial court. It concluded from them that plaintiffs were entitled to judgment against defendant

for the amount found to be due them and that the Contractor's License Act, L.1939, c. 197, as amended, 1941 Comp. § 51–1914, was without application to the contract in question. The conclusions deduced from the facts found are as follows:

"I. That the Court has jurisdiction of the parties and the cause of action.

"II. The plaintiffs were not required to be licensed by the State Contractors Licensing Board of New Mexico to drill the well involved in this action, since it was being drilled for agricultural purposes and its construction was incidental thereto.

"III. That plaintiffs are entitled to judgment against the defendant in the sum of $1,897.00 and for their costs incurred in this action."

Accordingly, judgment was entered in favor of the plaintiffs against the defendant for $1,897 with interest from its date at the statutory rate. The defendant prosecutes this appeal from the judgment so rendered against him and seeks its reversal upon the single ground that plaintiffs are debarred of recovery by reason of their failure to hold a contractor's license under the provisions of the Contractor's License Act above mentioned at the time of performing the work under the contract in question. Counsel for the defendant put the question very succinctly in beginning the argument under their one and only "Point I." They state: "It is the appellant's viewpoint that there is only

one issue involved in this appeal, and that issue is whether or not the appellee, under the laws of the State of New Mexico, was required to obtain a license from the Contractor's License Board of New Mexico. If the appellee was required to obtain a license from the Contractor's License Board of New Mexico, then it is the contention of the appellant that the judgment of the trial court must be reversed; if, on the other hand, it was unnecessary for the appellee to secure a license from the Contractor's License Board, then the judgment of the trial court should be affirmed."

If the act in question excepts from its provisions the subject matter of the contract between plaintiffs and defendant, then as defendant's counsel themselves agree in the language just quoted from their brief "the judgment of the trial court should be affirmed." It is only "compensation for the performance of any act for which a license is required" by the act that may not be sued for in any court of this state without alleging and proving the "contractor was a duly licensed contractor at the time the alleged cause of action arose." 1941 Comp. § 51–1914. But by a prior section of the act, 1941 Comp. § 51–1902, it is expressly provided: "This act shall not apply to farming, dairying, agriculture, viticulture, horticulture or stock or poultry raising."

In addition to the findings already noted, supra, the trial court's Finding of Fact No. V reads: "That Plaintiffs have completed said well and fully performed their part of the contract and that said well was drilled for agricultural purposes."

We have no hesitancy in holding that a contract for drilling a well to supply water for agricultural purposes falls within the language of the section quoted, supra, § 51–1902 enumerating named occupations as to which the act shall not apply, in this instance, "agriculture." The exceptions should be given a reasonable construction and should be held to embrace compensation arising under contracts for the performance of any work fairly incidental to carrying on the named pursuits, ordinarily considered a part thereof, and helpful or essential to their prosecution. See 2 A.J. 395; Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255; H. Duys & Co. v. Tone, 125 Conn. 300, 5 A.2d 23; Robinson v. Lytle, 276 Ky. 397, 124 S.W.2d 78; Keeney v. Beasman, 169 Md. 582, 182 A. 566, 103 A.L.R. 1515; 7 A.L.R. 1300.

In the Koger case just cited, we were dealing with a claim under the Workmen's Compensation Act. We held that an employee injured while caring for engines used in pumping water for irrigation purposes was a "farm or agricultural laborer." Touching this point, we said: "In the raising and harvesting of crops, upon the arid soil of New Mexico, water is as essential as the seed. It would be useless to plow the ground, plant the seed, and then not supply water to the thirsty soil. The

means employed to supply that water are as much a part of the process of farming and as incidental thereto as is the plow which turns the soil, the harrow that pulverizes it, and the seeder which deposits the seed." [38 N.M. 241, 31 P.2d 258.]

The text at 2 A.J. 395 states: "Agriculture, in the broad and commonly accepted sense, may be defined as the science or art of cultivating the soil and its fruits, especially in large areas or fields, and the rearing, feeding, and management of livestock thereon, including every process and step *necessary* and *incident* to the completion of products therefrom for consumption or market and the incidental turning of them to account." (Emphasis ours).

Counsel for defendant argue for a construction of the section denying application of the act to "agriculture" that would exclude contracts of the kind here involved as being only "incidental" to the pursuit of that occupation. They seek aid to construction from use of the word "incidental" in this section as originally enacted, L. 1939, c. 197, § 2(b) and as the section appears in L.1943, c. 96, § 2(b). As it appears in L.1943, c. 96, § 2(b) being substantially the same in the 1939 Act, it reads:

"Section 2. Subjects Act Does Not Apply To. This act shall not apply to:
* * *

"(b) Any construction or operation *incidental* to the construction and repair of any highway, railroad, or public utilities, or to irrigation and drainage ditches of regularly constituted irrigation districts, reclamation districts or to farming, dairying, agriculture, viticulture, horticulture or stock or poultry raising". (Emphasis ours.)

The act as last amended, L. 1945, c. 108, § 2, reads: "This act shall not apply to farming, dairying, agriculture, viticulture, horticulture or stock or poultry raising."

Counsel appear to see some significance in the dropping from the latest amendment of the word "incidental." The argument runs that if, as originally enacted in 1939 and reenacted in 1943, the word "incidental" modifies all types of work or pursuits listed following its use, and is not to be confined to work named in immediate connection with its use, then the failure to reemploy the word "incidental" in the 1945 amendment leaves the statute applicable to contracts for work which is only "incidental" to the occupations or pursuits named.

This is legitimate argument but it is too refined to appeal to us as persuasive. In other words we think the word "incidental" modifies the whole listing of types of work and occupations from which application of the act is withheld by this section in the 1939 and 1943 acts. But we

do not agree that in omitting its use from L. 1945, c. 108, § 1, the latest amendment, the legislature intended to bring back under the act what the language just used, reasonably construed, otherwise would have excluded from its operation, namely, work incidental to carrying on the occupations exempted.

We think the trial court ruled correctly that the contract in question was not within the interdiction of the statute invoked. Hence, the plaintiffs are not barred from maintaining this action.

The judgment of the district court will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

COORS, J., not participating.