Alfred H. Kleiman, J.
Defendants were arrested for vio- ' lation of section 165.25 of the Penal Law for “ jostling ”. The information charges that the defendants were observed ■ inside the Port Authority bus terminal, “place their hands in the proximity of the pockets ” of two intended victims “ and did attempt to remove property ” therefrom. A preliminary hearing was held pursuant to CPL 170.75.
Patrolman Raymond Harris testified that he personally observed both defendants place their hands in the pockets of two named persons who were sleeping on benches. At the close of the hearing the defendants moved to dismiss the accusatory instrument upon the grounds that (a) there was no reasonable cause to believe defendants committed the charged misdemeanors and (b) the jostling statute is unconstitutional because it is void for vagueness. The court held that there was reasonable cause to believe the defendants violated the jostling statute, and reserved decision on the constitutional issue.
Subdivision 1 of section 165.25 of the Penal Law provides: “A person is guilty of jostling when, in a public place, he intentionally and unnecessarily * * * places his hand in the proximity of a person’s pocket or handbag ”.
In examining the statute this court has taken into consideration the strong presumption that a statute duly enacted by the Legislature is constitutional and its invalidity must be demonstrated beyond a reasonable doubt. (People v. Pagnotta, 25 N Y 2d 333 [1969].)
It was clearly the legislative intent in enacting this statute to cover the type of pickpocketing conduct which would appear to be present in this case. (See Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 165.25; see, also, Commission Staff Notes on the proposed New York Penal Law submitted for the 1964 legislative session.) The predecessor to section 165.25 of the Penal Law, subdivision 6 of section 722 (L. 1923, ch. 642, § 1, repealed by L. 1965, ch. 1046, § 2) which provided that one commits disorderly conduct when he “ interferes with any person in any place by jostling against such person or unnecessarily crowding him by placing a hand in the proximity of such person’s pocket, pocket *856 book or handbag” was also recognized as being directed at pickpocketing. (People v. Albo, 139 Misc. 852.)
The defendant, however, argues that the term 1 ‘ unnecessarily ” is susceptible of so many meanings that the statute is unconstitutionally vague.
The term “unnecessarily”, not being defined in the Penal Law, retains its everyday, commonsense meaning. Webster’s New International Dictionary (1931) defines the word as “ not necessarily”, “not required under the circumstances ”, “useless ”, “needless”. The doctrine of “ vagueness ” does not mean that the fact that the Penal Law has not specifically defined a key word in the statute, it becomes constitutionally defective. A lack of precision in statutory language does not automatically mean that the requirements of due process have been offended (Roth v. United States, 354 U. S. 476, 491-492 [1957]). While the Constitution requires that criminal statutes define the conduct to be punished, the Constitution does not require impossible standards. (United States v. Petrillo, 332 U. S. 1 [1947].) As our.Supreme Court recently said “The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.” (Colten v. Kentucky, 407 U. S. 104, 110 [1972]).
“Void for vagueness means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.” (United States v. National Dairy Prods. Corp., 372 U. S. 29, 32-33 [1963]). It can hardly be argued by the defendants and is not so argued, that as to conduct charged, the jostling law “fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute ” (United States v. Harriss, 347 U. S. 612, 617 [1954]). The language here challenged “ conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices ” (United States v. Petrillo, 332 U. S. 1, 8, supra).
The argument that the statute could be unconstitutionally applied to others charged under different circumstances cannot be sustained. As this court has had previous occasion to state, citing United States v. Raines (362 U. S. 17, 21 [I960]) “ It is a well-known principle of constitutional law that ‘ one to whom application of a statute is cpnstitutional will not be *857 heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional ’ ” (People v. Forlano, 67 Misc 2d 996, 998 [1971], affd. 73 Misc 2d 722 [App. Term, 1st Dept. 1973]). Nor is there any evidence that this statute encourages arbitrary and erratic arrests and convictions (cf. Papachristou v. City of Jacksonville, 405 U. S. 156 [1972]; Thornhill v. Alabama, 310 U. S. 88 [1940]; Herndon v. Lowry, 301 U. S. 242 [1937]). Citizens who desire to obey this statute will have no difficulty in understanding it (Colten v. Commonwealth, supra, citing same case at 467 S. W. 2d 374, 378 [Ky., 1971]).
For the reasons stated, I hold section 165.25 of the Penal Law is, on its face, constitutional, and accordingly the motion to dismiss the information is denied.