OPINION OF THE COURT
George D. Covington, J.
The defendant, Charles Obertance, was arrested and arraigned on a charge of custodial interference in the second degree in violation of section 135.45 of the Penal Law. The complainant, Darleen Obertance the defendant’s former wife, swore out a complaint on. April 29, 1980, alleging that Charles Obertance did at approximately 8:30 p.m. take their two daughters, Sephie Ann (9) and Ann Victoria (7), from 3820 Baily Avenue, Bronx, New York, from their legal custodian for a protracted period of time.
The defendant and his wife were divorced in the State of Connecticut on March 9, 1977. That judgment is entitled to full faith and credit within this State. (Wolfe v Wolfe, 64 AD2d 700.) The decree provides that the mother shall be the lawful custodian and is responsible for the care and education of their two children. However, the decree also provides that the father shall have the right to reasonable visitation.
*559 As a result of the charge pending against the defendant, his attorney has brought two motions before this court. The first is a motion to dismiss the accusatory instrument pursuant to CPL 170.30, in that the complaint is defective within the meaning of GPL 170.35. The defendant claims that the statute (Penal Law, § 135.45) is unconstitutional on the basis that it is vague and indefinite. The thrust of the claim is that the term “protracted period” as used within the statute is not defined within the Penal Law and furthermore is not defined in any other statutory body. The defendant claims that the word “protracted” is capable of several meanings and thus the defendant is incapable of determining how his conduct is being regulated.
In analyzing whether a penal statute is constitutional, I recognize that a statute carrying penal sanctions must be clear on its face, definite, explicit, objective and narrowly drawn. It must also give the general public an opportunity to know with reasonable certainty which activity is prohibited. (Scale v Virginia, 359 US 344.) I also recognize that when the Legislature duly enacts a statute, there is a strong presumption that it is constitutional. In order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt (People v Pagnotta, 25 NY2d 333).
The question I must resolve is whether the term “protracted period” is so vague to invalidate the entire statute. In the case of People v Newton (73 Misc 2d 854), there was a challenge to the statute involving jostling. The challenge was to the word “unnecessarily” and the court held that even though a word is not defined within the Penal Law it retains its everyday common sense meaning. With that as a guideline, the reasonable man would interpret the term “protracted period” to mean a lengthy or unusually long time under the circumstances. It is not incumbent upon the Legislature to define our everyday activities. Simply because a term is not defined within a statute does not necessarily render that statute unconstitutional. As pointed out in Newton (supra, p 856), the doctrine of vagueness does not mean that a penal statute is constitutionally defective if the word is not specifically defined. A criminal stat *560 ute must define conduct to be punished but impossible standards are not required.
In the case of People v Klose (18 NY2d 141, 146), the Court of Appeals of New York held: “So long as the standards laid down by the statute are clear in their meaning and are capable of reasonable application to varying fact patterns, they cannot be faulted * * * If, in each case, the statute, where read as a whole, makes its purpose clear, gives ‘unequivocal warning’ to citizens of the rule to be obeyed * * * and by its terms provides a reasonably definite standard by which conduct can be measured, it will not be struck down as vague”.
In the present case, it is alleged that Charles Obertance had taken his two daughters from their lawful custodian for a period of eight days. He had done so without the consent of Darleen Obertance and it was done during a period in which the children were in school. It is clear to me that under the circumstances this constitutes a “protracted period” within the meaning of section 135.45 of the Penal Law.
As to the second motion, defense counsel claims that the complaint is defective within the meaning of CPL 100.40. Upon a reading of the misdemeanor complaint and an inspection of the statute, I find that the factual allegations if proven, are sufficient to convict. The elements necessary are as follows: (1) The defendant is a relative; (2) the children are under 16; (3) defendant takes or entices the children; (4) for a permanent or protracted period; (5) from their lawful custodian; (6) without her consent.
The misdemeanor complaint satisfies these criteria.
Both defendant’s motions are denied.