901 P.2d 205

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Theresa Renee LUCKIE, Defendant–Appellee.**

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Maria Del Consuelo Ozuna TRAN, Defendant–Appellee.**

**Nos. 15889, 15972.**

Court of Appeals of New Mexico.

June 19, 1995.

Certiorari Denied Aug. 8, 1995.

Tom Udall, Atty. Gen., Daniel F. Haft, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Sammy J. Quintana, Chief Public Defender, Darryl A. Bouchard, Asst. Appellate Defender, Santa Fe, for defendants-appellees.

## OPINION

DONNELLY, Judge.

The State of New Mexico appeals from district court orders filed in two separate cases dismissing indictments against Theresa Renee Luckie and Maria Del Consuelo Ozuna Tran for unlawful custodial interference contrary to NMSA 1978, Section 30-4-4 (Repl. Pamp.1994). We granted the State's motion to consolidate both appeals because they

276

raise the common issue of whether Section 30–4–4(B) is unconstitutionally vague. For the reasons that follow, we find that the statute withstands Defendants' constitutional challenges and reverse the district court orders.

*FACTS AND PROCEEDINGS*

Luckie was indicted on one count of alleged custodial interference of a child on March 16, 1992. The State filed a pretrial motion to review the legality of Luckie's indictment because, in two prior cases involving other defendants, judges in the same judicial district had previously ruled that the words "without good cause" utilized in Section 30–4–4(B) rendered the statute unconstitutionally vague. The prior cases involving the same constitutional challenge are not included in these consolidated appeals.

On February 23, 1994, Tran was indicted in a separate case on three counts of alleged custodial interference involving three children. Tran moved to dismiss the case on the grounds that the terms "without good cause," "maliciously," "detaining," and "deprive" contained in Section 30–4–4(B), and which proscribe certain acts of custodial interference, were not readily understandable and thus render the statute unconstitutionally vague. In support of her motion, Tran relied in part on the rulings of other judges in the Second Judicial District Court.

Judge Frank H. Allen entered an order in the *Luckie* case and Judge Ross C. Sanchez entered an order in the *Tran* case, dismissing the indictments in their respective cases. In granting the motions to dismiss, both judges agreed with Defendants' assertions that the phrase "without good cause" embodied in Section 30–4–4(B) was vague and rendered the statute unconstitutional.

*DISCUSSION*

The Due Process Clauses of both the United States Constitution, Amendments V and XIV, and the New Mexico Constitution, Article II, Section 18, require that criminal statutes be drafted in such manner so that they provide fair warning of the conduct sought to be proscribed, and so that the statutes do not encourage arbitrary or discriminatory enforcement. *See Papachristou*

*v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *see also State v. Ramos*, 116 N.M. 123, 127, 860 P.2d 765, 769 (Ct.App.), *cert. denied*, 115 N.M. 795, 858 P.2d 1274 (1993); *State v. Gattis*, 105 N.M. 194, 197, 730 P.2d 497, 500 (Ct.App.1986). A penal statute offends due process and is unconstitutionally vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is being prohibited so that he or she may act accordingly. *Gattis*, 105 N.M. at 197, 730 P.2d at 500.

A challenge asserting that a statute is unconstitutional based on a claim of vagueness ordinarily is analyzed in light of the facts of each particular case. *State v. Wood*, 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct. App.), *cert. denied*, 117 N.M. 744, 877 P.2d 44 (1994). Under traditional analysis it is only when First Amendment freedoms are involved that a statute may be challenged on the ground that it is facially invalid. *State v. Carver*, 113 Wash.2d 591, 781 P.2d 1308, 1312 (1989) (en banc), *modified on other grounds*, 789 P.2d 306 (1990).

The State argues that because First Amendment freedoms are not at issue here, the courts below erred in holding that Section 30–4–4(B) was facially invalid. However, the State has failed to indicate, and our review of the record in both cases does not indicate, how it preserved its argument that Defendants were precluded from asserting a facial challenge to the constitutionality of the statute in the courts below. *See* SCRA 1986, 12–213(A)(3), –216(A) (Cum.Supp.1994). By failing to raise this contention in the courts below, the State implicitly conceded that Defendants had a right to challenge the constitutionality of Section 30–4–4(B). *See State v. Lopez*, 105 N.M. 538, 546, 734 P.2d 778, 786 (Ct.App.1986) (failure to object below prohibits the raising of an issue on appeal), *cert. quashed*, 105 N.M. 521, 734 P.2d 761 (1987). In fact, in *Luckie*, the State, by filing a motion seeking review of the constitutionality of Section 30–4–4(B), specifically invited such review. Thus, we determine that under the record before us the State failed to preserve its argument that Defendants are precluded from asserting a facial challenge to Section 30–4–4(B).

In asserting that Section 30–4–4(B) is unconstitutional on its face, Defendants argue, and the courts below agreed, that Section 30–4–4(B) violates the Due Process Clauses of the United States and New Mexico Constitutions because the statute is impermissibly vague. Section 30–4–4(B) provides in pertinent part:

> Custodial interference consists of any person, having a right to custody of a child, maliciously taking, detaining, concealing or enticing away or failing to return that child *without good cause* and with the intent to deprive permanently or *for a protracted time* another person also having a right to custody of that child of his right to custody. [Emphasis added.]

Defendants contend, among other things, that the words "without good cause" and "for a protracted time" in Section 30–4–4(B) render the statute void on vagueness grounds because neither phrase is defined in the statute, and such phrases are not readily susceptible of definition by resort to case law or other sources. As a result, Defendants argue that the statute does not provide fair notice of the conduct sought to be proscribed and the enactment is susceptible to arbitrary and discriminatory enforcement. We disagree.

■ The mere fact that a term or phrase is not defined within a statute or legislative act does not necessarily render the statute unconstitutional. *State v. Jim,* 107 N.M. 779, 783, 765 P.2d 195, 199 (Ct.App.), *cert. denied,* 107 N.M. 720, 764 P.2d 491 (1988); *see also State v. Sanders,* 96 N.M. 138, 140, 628 P.2d 1134, 1136 (Ct.App.1981) (the word "knowing" used in former custodial interference statute, NMSA 1978, § 30–4–4, has established meaning although not defined in statute). Rather, the test of whether a statute is unconstitutionally vague so as to violate constitutional due process is whether the statute gives a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *Wood,* 117 N.M. at 686–87, 875 P.2d at 1117–18. Courts in other jurisdictions have addressed various vagueness challenges to statutes similar to New Mexico's custodial interference statute. *See People v. McGirr,* 198 Cal.App.3d 629, 243 Cal.Rptr.

793, 796 (1988); *People v. Tippett,* 733 P.2d 1183, 1187–88 (Colo.1987) (en banc); *McNeely v. State,* 391 N.E.2d 838, 840 (Ind.Ct.App. 1979); *State v. Holtcamp,* 614 S.W.2d 389, 392–93 (Tenn.Crim.App.1980); *Carver,* 781 P.2d at 1314; *State v. McCoy,* 143 Wis.2d 274, 421 N.W.2d 107, 111 (1988). *See generally* William B. Johnson, Annotation, *Kidnapping or Related Offense by Taking or Removing of Child by or Under Authority of Parent or One in Loco Parentis,* 20 A.L.R.4th 823 § 9 (1983 & Supp. Sept. 1994). Each of the decisions issued by the courts in the above cases involving vagueness challenges have declined to hold that their respective custodial interference statutes were constitutionally infirm.

■ We examine Section 30–4–4(B) in light of Defendants' vagueness claims presented here applying familiar rules of statutory construction. First, we presume the constitutionality of a statute. *City of Albuquerque v. Jones,* 87 N.M. 486, 488, 535 P.2d 1337, 1339 (1975). Thus, the party attacking the constitutionality of a statute has the burden of demonstrating its invalidity. *Wood,* 117 N.M. at 687, 875 P.2d at 1118. Second, we construe a statute in a manner so as to uphold it against a claim of unconstitutionality if a reasonable and practical construction can be given to the language in question. *State v. Segotta,* 100 N.M. 498, 500, 672 P.2d 1129, 1131 (1983). Finally, we consider the statute as a whole in determining legislative intent and construe the words and phrases of the statute using their generally accepted meaning. *Id.*

■ After reviewing Section 30–4–4(B) in light of the above rules, we conclude that the language of the statute is sufficient to withstand each of Defendants' constitutional challenges. The phrases "without good cause" and "for a protracted time" are readily susceptible of definition by resort to case law, and persons of ordinary intelligence need not have to guess at their meaning. In the employment context, our Supreme Court has stated that "[g]ood cause is established when an individual faces compelling and necessitous circumstances of such magnitude that there is no [other] alternative" and that the term "good cause" "includes the concept of

good faith." *Molenda v. Thomsen,* 108 N.M. 380, 381, 772 P.2d 1303, 1304 (1989). This definition can readily be applied to varying fact patterns in the context of our custodial interference statute. *See Jim,* 107 N.M. at 783, 765 P.2d at 199.

Furthermore, the language "without good cause" has been employed by legislatures in other jurisdictions which have enacted statutes similar to New Mexico's custodial interference statute. *See, e.g.,* Cal.Penal Code § 277 (West 1988); Utah Code Ann. § 76–5–303(2) (Repl.Vol.1995). In *McGirr* the California Court of Appeal considered a challenge alleging its custodial interference statute was unconstitutional because of vagueness. The defendant in *McGirr* was convicted under a California statute that at the time punished a person

> having a right of custody of the child who maliciously takes, detains, conceals, or entices away that child within or without the state, *without good cause,* and with the intent to deprive the custody right of another person or a public agency also having a custody right to that child . . . .

Cal.Penal Code § 277 (emphasis added).

The *McGirr* court rejected the defendant's argument that use of the language "good cause" in the statute before it was amended rendered the statute unconstitutionally vague because the statute, prior to its amendment, did not contain a definition of the phrase. *McGirr,* 243 Cal.Rptr. at 796. In so doing, the court noted that the term "good cause" has "acquired reasonable certainty by established usage, interpretation and a settled common sense meaning." *Id.* at 797. We agree. The California statute was amended after the defendant's conviction in *McGirr,* and the legislature added a paragraph specifically defining good cause as "a good faith and reasonable belief that the taking, detaining, concealing, or enticing away of the child is necessary to protect the child from immediate bodily injury or emotional harm." Cal.Penal Code § 277 (Cum.Supp.1995). The newly added legislative language was similar to the definition of "good cause" recognized by our Supreme Court in *Molenda.*

Defendants seek to distinguish the holding in *McGirr* from the cases before us because

the California court based its ruling, in part, on the fact that the term "good cause" is narrowed by the requirement that in order to convict an individual of the charge of custodial interference the defendant must also be found to have acted maliciously. Defendants assert that a close reading of Section 30–4–4(B) indicates that the word "maliciously" only modifies the language "taking, detaining, concealing or enticing away," and, therefore, a parent can be prosecuted under the New Mexico statute by merely failing to return his or her child, without good cause and absent any showing of malice. We disagree with Defendants' construction of the statute. *See B & R Drilling Co. v. Gardner,* 55 N.M. 118, 121, 227 P.2d 627, 629 (1951) ("incidental" modifies the whole listing of activities that follow). Moreover, this Court has a duty to construe the statute so as to uphold its validity if a reasonable and practical construction can be given to its language. *See Segotta,* 100 N.M. at 500, 672 P.2d at 1131; *State v. Gutierrez,* 115 N.M. 551, 552, 854 P.2d 878, 879 (Ct.App.), *cert. denied,* 115 N.M. 545, 854 P.2d 872 (1993).

Defendants assert that under Section 30–4–4(B), a noncustodial parent could be convicted for maliciously taking a child from the custodial parent without any requirement that the State prove that Defendants possessed an intent to deprive the custodial parent of custody of such child or children. Defendants contend this would be true even if the child were safely returned to the custodial parent within the allowed period of visitation. We do not read the statute as having such sweeping effect. Rather, we think it is clear that the term *"maliciously"* modifies all of the proscribed conduct in Section 30–4–4(B), and is an essential element of the alleged offense.

Defendants also contend that the language "for a protracted time" as used in Section 30–4–4(B) is unconstitutionally vague because it establishes a subjective standard that is susceptible to variable interpretations. A similar argument was considered and rejected by the court in *People v. Obertance,* 105 Misc.2d 558, 432 N.Y.S.2d 475 (N.Y.Crim.Ct.1980). In *Obertance* the defendant, who was charged with custodial interference, claimed

that the words "protracted period" as used in New York's custodial interference statute were unconstitutionally vague. *Id.* 432 N.Y.S.2d at 476. Under the New York statute, a person may be found guilty of custodial interference in the second degree when he or she is "a relative of a child less than sixteen years old, [and the defendant intends] to hold such child ... *for a protracted period,* ... knowing that he [or she] has no legal right to do so, [and] takes or entices such child from his [or her] lawful custodian...." N.Y.Penal Law § 135.45(1) (Consol.1984) (emphasis added). In *Obertance* the defendant asserted that the words "protracted period" were not defined in the custodial interference statute or any other statute, and that the word "protracted" was capable of several meanings thus rendering the defendant incapable of determining how his conduct was being regulated. *Obertance,* 432 N.Y.S.2d at 476.

The *Obertance* court rejected this argument and upheld the constitutionality of the statute, stating that even though the words in question were not defined by the statute, they were susceptible of general understanding and still retained their common, every day usage. *Id.* The court in *Obertance* concluded that any reasonable person would interpret the meaning of the phrase " 'protracted period' " to mean "a lengthy or unusually long time under the circumstances." *Id.* We apply a similar rationale and conclude that the phrase "for a protracted time" has a like meaning so as to obviate a need for enactment of a further statutory definition. *Cf. Termination of Parental Rights of Reuben & Elizabeth O. v. Department of Human Servs.,* 104 N.M. 644, 650, 725 P.2d 844, 850 (Ct.App.1986) (although not a precise time limit, statutory term "foreseeable future" does provide a commonly understood standard).

Similarly, we conclude that the terms "maliciously," "detaining," and "deprive permanently" used in Section 30–4–4(B) and similar custodial interference statutes are of such general and well recognized meaning that individuals are placed on notice of the conduct sought to be proscribed. *See, e.g.,* Cal.Penal Code § 277; *State v. Missmer,* 72 Wash.2d 1022, 435 P.2d 638, 642 (1967) (statute defining kidnaping as leading, taking, enticing, or *detaining* a child is not unconstitutionally vague), *cert. denied,* 393 U.S. 885, 89 S.Ct. 197, 21 L.Ed.2d 162 (1968); *see also Black's Law Dictionary* 958, 449, 442 (6th ed. 1990) (defining "maliciously" as intending to do a wrongful act; "detaining" as keeping in custody; and "deprive permanently" as taking or retaining without intent to return). We therefore conclude that the statute and the terms employed therein, when viewed as a whole, provide a definite standard by which an individual's conduct may be measured.

Finally, Defendants argue that Section 30–4–4(B) violates their right to know the nature and cause of the accusations brought against them under Article II, Section 14 of the New Mexico Constitution and Amendments V and XIV of the United States Constitution. As discussed above, we hold that Section 30–4–4(B) is not unconstitutionally vague. The indictments brought against Luckie and Tran followed the exact language of Section 30–4–4(B) in alleging that Defendants committed the offense of custodial interference. The indictments sufficiently apprised Defendants of the essential facts constituting the proscribed conduct allegedly engaged in by them so they could properly defend against the charges. *See* SCRA 1986, 5–201(D) (Repl. 1992).

*CONCLUSION*

The district court orders dismissing the indictments are reversed and remanded for reinstatement on the court's docket, and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

ALARID and BLACK, JJ., concur.