This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                       **NO. 28,327**

**MARTIN MUÑOZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

The MoeJustice Law Office
Antonio Maestas
Albuquerque, NM

D. Eric Hannum
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Martin Muñoz appeals his conviction for leaving the scene of an accident involving death. Defendant raises three issues on appeal: (1) whether the statutory scheme under which Defendant was convicted was unconstitutionally vague; (2) whether the jury instructions were in error given a statutory interpretation proposed by Defendant; and (3) whether his conviction was supported by sufficient evidence given Defendant's interpretation of the applicable statutes. We decline to hold that the statutory scheme is unconstitutional, which renders Defendant's remaining arguments moot. We therefore affirm.

**BACKGROUND**

On August 20, 2006, Defendant struck Victim Christian Tyler while driving on SE Main St. in Roswell, New Mexico. Shortly thereafter, police pulled Defendant over for driving with a missing headlight. Only after Officer Robert Bailey questioned Defendant about the extensive damage to his truck did Defendant indicate that he had hit something, although he was not sure what he had hit. Defendant indicated to Officer Bailey that the accident had occurred on SE Main, a short distance from where Defendant was stopped.

Victim's body was discovered the next morning twenty feet to the east of SE Main near the site of the accident. Examination of the body led to the conclusion that Victim had died from injuries sustained during the accident. Defendant was charged with knowingly leaving the scene of an accident involving death, in violation of NMSA 1978, Sections 66-7-201(A), (C) (1989) and 66-7-203 (1978). A jury convicted him of the lesser included charge of leaving the scene of an accident involving death in violation of Sections 66-7-201(A), (B) and 66-7-203. Defendant appeals.

**UNCONSTITUTIONAL VAGUENESS OF STATUTORY SCHEME**

Defendant argues that the statutory scheme under which he was convicted is unconstitutionally vague. A statute is void for vagueness if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is being prohibited so that he or she may act accordingly. *See State v. Luckie*, 120 N.M. 274, 276, 901 P.2d 205, 207 (Ct. App. 1995). Defendant contends that the statutory scheme is vague because a person of reasonable intelligence would not know how to behave if he or she hit something with his or her car, but did not know that he or she had hit a person. Section 66-7-201(A), (B) does not specify a mens rea requirement, but this silence is not sufficient to render the statutory scheme unconstitutionally vague. Defendant was

on notice that he could be convicted under Sections 66-7-201(A), (B) and 66-7-203 if he hit a person with his car and did not return to the scene immediately in order to render aid to and/or exchange information with the other driver. As a consequence, Defendant should have investigated what he had hit in order to avoid criminal liability under these statutes. Defendant cites no authority for the proposition that the lack of a mens rea element in a criminal statute renders that statute unconstitutionally vague, and we will therefore assume that none exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (declining to perform legal research for parties and holding that issues raised in appellate briefs without authority will not be reviewed by this Court on appeal).

The statutes are clear as to what is prohibited. A driver can avoid punishment under these statutes either by avoiding accidents or by stopping and rendering aid to victims should an accident occur. There is no confusion as to what Defendant should have done once he had hit something: he should have returned to the scene of the accident to ensure that there was no person there in need of aid. Because the statutes in question are not ambiguous as to what conduct they punish, the statutory scheme is not unconstitutionally vague.

**JURY INSTRUCTIONS**

4

Defendant further contends that the jury instructions that were given were flawed and that the instructions Defendant provided should have been given instead. "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996.

There is no uniform jury instruction for leaving the scene of an accident involving death. The district court instructed the jury as follows (Instruction 6):

> For you to find [D]efendant guilty of leaving the scene of an accident involving death, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. [D]efendant was the driver of a motor vehicle involved in an accident;
>
> 2. The accident resulted in great bodily harm or death to [Victim];
>
> 3. [D]efendant failed to stop and remain at the scene of the accident to give information or render reasonable aid to [Victim];
>
> 4. This happened in New Mexico on or about the 20th day of August, 2006.

This instruction closely tracks the language of the relevant statutes. Section 66-7-201 states, in relevant part:

> A. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible, but shall then

immediately return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203 . . . .

B. Any person failing to stop or to comply with the requirements of Section 66-7-203 . . . where the accident results in great bodily harm or death is guilty of a fourth degree felony and shall be sentenced pursuant to the provisions of [NMSA 1978, Section 31-18-15 (2007)].

Section 66-7-203 states, in relevant part:

The driver of any vehicle involved in an accident resulting in injury to or death of any person . . . shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

The instructions also closely track the elements of the crime as laid out by this Court in *State v. Guzman*, 2004-NMCA-097, ¶ 20, 136 N.M. 253, 96 P.3d 1173:

In order to convict [the d]efendant of accidents involving death or personal injuries, the [s]tate was required to prove that [the d]efendant (1) operated a motor vehicle; (2) was involved in an accident which caused great bodily harm or death of the victim; (3) failed to stop and/or failed to remain at the scene of the accident; and (4) failed to render reasonable aid to the victim.

In this case, the instructions provided correctly state the applicable law. The district court did not err in giving these instructions to the jury. *See State v. Rushing*, 85 N.M. 540, 543, 514 P.2d 297, 300 (1973) ("Instructions . . . are sufficient if they fairly and

6

correctly state the applicable law.").

The instructions offered by Defendant, by contrast, do not appear to accurately state the applicable law. In particular, Defendant's instructions do not mention the duty to aid the victim, as required by Sections 66-7-201(A) and 66-7-203. Defendant's instructions, in relevant part, would have required the State to prove that Defendant "failed to stop after the accident; and [D]efendant failed to give notice of the accident to the police department." Defendant's instructions reflect Defendant's assertion that Section 66-7-201(A) should be read so as not to require rendering aid in accordance with Section 66-7-203 when a defendant does not know that he or she has hit a person. Defendant contends that, because he was unaware that he had hit a person, he fulfilled his duties under Section 66-7-201(A), (B) by reporting the accident to the police as required by NMSA 1978, Section 66-7-206 (1991). This theory is contrary to the plain language of Section 66-7-201(A), (B), and Defendant cites no legal authority to support his alternate reading of the statute. Again, we assume that no authority exists for Defendant's proposition. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330. Defendant's proffered instructions misstate the relevant law of the case, and the district court did not err in providing the jury instructions used.

**SUFFICIENCY OF THE EVIDENCE**

Defendant finally claims that there was not sufficient evidence presented to sustain his conviction. For a sufficiency of the evidence claim, the evidence is viewed in the light most favorable to the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). The appellate court must then "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

In this case, the State had the burden of proving beyond a reasonable doubt that Defendant "(1) operated a motor vehicle; (2) was involved in an accident which caused great bodily harm or death of . . . [V]ictim; (3) failed to stop and/or failed to remain at the scene of the accident; and (4) failed to render reasonable aid to . . . [V]ictim." *Guzman*, 2004-NMCA-097, ¶ 20. The State presented evidence that Defendant was driving the vehicle that struck Victim, that Victim died as a result of those injuries, that Defendant did not stop or remain at the scene, and that Defendant did not render aid to Victim. Defendant does not question the sufficiency of the evidence presented with regard to any of these elements. Defendant instead asks this Court to hold that the State failed to meet its burden by failing to prove that Defendant

8

did not comply with the requirements of Section 66-7-206. This is not a correct statement of the law because there is no legal basis for this alternate reading of Section 66-7-201(A), (B). Therefore, Defendant's interpretation of the law does not reflect the burdens that the law assigns. Because Defendant does not argue that the evidence was insufficient as to the actual elements of the crime, we will not overturn his conviction for leaving the scene of an accident involving death.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**LINDA M. VANZI, Judge**