Sherwood L. Bestby, J.
These are motions under CPL 170.30 (subd. 1, par. [a]) to dismiss informations, charging each of the defendants with a violation of subdivision 1 of section 135.45 of the Penal Law — custodial interference in the second degree.
The grounds of the motions are that the informations are defective within the meaning of CPL 170.35 (subd. 1, par. [a]) in that they are not sufficient on their face pursuant to the requirement of CPL 100.40.
CPL 100.15 sets forth the form and content of an information. Subdivision 1 provides that it must contain an accusatory part and a factual part. Subdivision 3 provides that the factual part must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charge.
CPL 100.40 (subd. 1, par. [a]) provides that an information is sufficient on its face when it substantially conforms to the requirement prescribed in CPL 100.15.
*278 CPL 100.40 (subd. 1, par. [b]) provides that the allegations of the factual part of the information provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information.
The accusatory part of each of the informations alleges that each defendant is “ a relative (grandparent) of the child less than sixteen years old, and (the defendant) intending to hold such child permanently or for a protracted period of time, and knowing that he had no legal right to do so, he takes or entices such child from his lawful custodian to wit: ”
Thus the accusatory part in effect recites the exact verbiage of subdivision 1 of section 135.45 of the Penal Law — not even changing the tense of the verb “ takes ” to “ took ”. We hold that the accusatory part of the information is sufficient.
The factual part, after the words, “ to wit: ”, reads: “ Being the natural grandfather* of Laura Dane, a female of the age of twelve (12) whose birthdate is 10/28/1960, he did entice and encourage the said Laura Dane to leave her home at 316 Bernhardt Drive, Town of Amherst and away from her lawful custodian, her mother, against the expressed wishes of Mrs. Lynn Dane.”
The draftsman of an information need not be an English professor but the statute (CPL 100.15, subd. 3) requires that as stated above the factual part must contain a statement of an evidentiary character, supporting or tending to support the charge. The defendant must be apprised of what he has done in a sufficiently definitive manner so that he can properly defend against the charge.
It must be shown how the defendant allegedly enticed the child. It might be claimed that the complainant (mother of the child) was not present and therefore, could not have known the exact manner. However, the defendant cannot be put in a worse position or situation than the complainant and have to guess or conjecture as to what it is claimed he allegedly did to “ entice ” the child.
Section 135.45 is part of article 135 of the Penal Law, entitled, “ Kidnapping, Coercion and Belated Offenses ”.
Section 135.00 of the Penal Law is a definition section defining “ Bestrain ”, “ Abduct ” and “ Belative ”. However, the word “ entice ” is not defined. Therefore, it appears to this court, the factual part of an information charging a violation of section 135.45 of the Penal Law must set forth in evidentiary form, the manner of “ enticement ” and must set forth some *279 evidentiary statement manifesting the intent of the defendant to hold the child either permanently or at least for some protracted period.
These informations fail to contain such evidentiary matter and are therefore defective.
Motions of the defendants to dismiss are hereby granted without prejudice to the complainant to commence new actions by filing new informations proper in form.

 The information against the defendant, Olive Page alleges grandmother.