■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAFIUDDIN WYNE, Appellant. [607 NYS2d 102] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered November 2, 1992, convicting him of custodial interference in the first degree and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the prosecution failed to prove his guilt beyond a reasonable doubt. We disagree.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of custodial interference in the first degree and criminal contempt in the second degree *(see,* Penal Law § 135.50 [1]; § 215.50 [3]; *People v Morel,* 164 AD2d 677). The evidence establishes that the defendant removed his children, who were under the age of 16 years, to Pakistan, that he kept the children in Pakistan for a protracted period of time, and that, by doing so, he intentionally deprived his wife of her legal right to physical custody of these children.

Before he abducted the children, the defendant's custody dispute with his wife had been the subject of legal proceedings in the Supreme Court, Queens County. An order had been made during the course of these proceedings and the evidence establishes beyond any reasonable doubt that all parties, including the defendant, understood that the order granted custody pendente lite to the defendant's wife. The evidence was thus legally sufficient to support the jury's conclusion that the defendant's abduction of his children constituted an "[i]ntentional disobedience or resistance to the lawful process or other mandate of" the court (Penal Law § 215.50 [3]). Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

For these reasons, the judgment appealed from is affirmed. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.