OPINION OF THE COURT
Memorandum.
The charges herein were based on defendant’s purchase of a gun in the fall or early winter of 1995. Defendant admitted to his girlfriend that he purchased a gun, but she never saw one or knew of its whereabouts. No one knew where defendant hid it or if he still had it for approximately two years. About two months prior to December 5, 1997, defendant’s 12-year-old brother peered through a crack in the doorway of the bedroom belonging to defendant and his girlfriend and saw defendant alone holding what appeared to be the barrel of a gun. The brother did not tell defendant what he had observed. On December 5, the brother, without anyone’s permission, entered defendant’s bedroom and searched it for about an hour before finding the gun. It had been secreted in an old speaker table behind many hanging clothes in a closet. The gun and its holster were wrapped in rags. The brother was eager to show what he had found to a friend and a fatal tragedy ensued.
The credible testimony adduced by the People to establish criminal possession of a weapon in the fourth degree amply supported the conviction. “Possess” means to “have physical possession or otherwise to exercise dominion or control over tangible property” (Penal Law § 10.00 [8]), which can mean physical or constructive possession of tangible property (People v Torres, 68 NY2d 677; People v Sierra, 45 NY2d 56). Constructive possession has been defined as including “dominion and *803 control” over the property by a sufficient level of control over the area where the property is found (see, People v Manini, 79 NY2d 561, 573). Criminal possession of a weapon entails a continuing course of conduct (see, Matter of Johnson v Morgenthau, 69 NY2d 148, 152; People v Sykes, 142 AD2d 697). In view of the proof showing defendant’s purchase of the gun, its location in an old speaker in the comer of a closet in a room over which he had dominion and control, and the lack of knowledge on the part of anyone else of its existence, his conviction of criminal possession of a weapon should not be disturbed.
Endangering the welfare of a child occurs when a person “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old * * * ” (Penal Law § 260.10 [1]). In interpreting this language, the Court in People v Johnson (95 NY2d 368, 371) stated: “Actual harm to the child need not result for criminal liability; it is ‘sufficient that the defendant act in a manner which is likely to result in harm to the child, knowing of the likelihood of such harm coming to the child’ * * * .” The Court added:
“We have previously noted that when a statute imposes criminal liability for knowingly disregarding a risk, it does not require a particular outcome or actions aimed at a specific individual; the crime is solely defined by the risk of injury produced by defendant’s conduct * * * . The same can be said here. Endangering the welfare of a child is not defined by specifically targeted acts or individuals, but by conduct which a defendant knows will present a ‘likelihood’ of harm to a child (i.e., with an awareness of the potential for harm)” (id. at 372).
In the present case, the People are, in effect, advancing a per se rule. They are suggesting that possession of a weapon in a home with a child under 17 years of age makes the possessor guilty of endangering the welfare of such child because it is “likely” that injury will occur. Defendant herein apparently had his gun for two years. It was secreted in his bedroom and the evidence shows that his brother was not known as a “snoop” and that defendant had no knowledge that the presence and location of the gun had become known to his brother. The Court of Appeals held that the basis for conviction was conduct “which a defendant knows will present a ‘likelihood’ of harm to a child (i.e., with an awareness of the potential for harm)” (People v Johnson, supra at 372). Under the circumstances, we *804 find that the same was not established and that, accordingly, defendant’s conviction for endangering the welfare of a child should be set aside.