OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Joel Picado, is charged with criminal contempt in the second degree, Penal Law § 215.50 (3), attempted assault in the third degree, Penal Law §§ 110.00 and 120.00 (1), and harassment in the second degree, Penal Law § 240.26 (1).
The defendant moves to dismiss the charge of criminal contempt in the second degree on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (b), alleging that more than 90 days have elapsed since his arraignment. In sum, he argues that because the affidavit of service of the order of protection annexed to the information[1] is written in Spanish and “the language of the court is English,” the criminal contempt charge cannot be facially sufficient “until the People adequately show” what the affidavit states. Thus, he asserts that the People cannot be ready for trial on that charge, and that 112 days have accrued to them on that count. Contrary to the defendant’s contention, the fact that the affidavit of service is written in Spanish does not preclude a finding that it constitutes a valid supporting deposition. Nevertheless, because the certified translation of the affidavit demonstrates that the affidavit was not properly verified, the affidavit does not comply with the form and content required of a supporting deposition (see CPL 100.20, 100.30). Thus, the affidavit cannot be offered to corroborate the hearsay allegations in the information regarding service of the order of protection. Because the information fails to contain nonhearsay factual allegations which establish every element of the crime of criminal contempt in the second degree, that charge is facially insufficient (see CPL 100.40 [1] [c]). The People’s statement of readiness on that count therefore is illusory. Consequently, 46 days are chargeable to the People on that count. The remaining charges are facially sufficient and only 30 days are chargeable to the People on those counts.
*662 The superceding information signed by the complainant alleges that the defendant violated a family court order of protection issued on her behalf by “start[ing] a fight with [her] about her car, demand [ing] her car keys and punch [ing] her in the head.” The information further alleges that the defendant is aware of the order of protection because the complainant “possesses a signed affidavit of service indicating that the defendant was served with the order of protection by Raul Ramirez Lopez on April 3, 2011 in Queens County.” Attached to the superceding information is a Spanish language affidavit of service signed by Raul Ramirez Lopez.[2]
In order to be facially sufficient, the charge of criminal contempt in the second degree must be supported by nonhearsay factual allegations which, if accepted as true, establish every element of the offense charged (see CPL 100.40 [1] [b], [c]; People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]). Thus, the nonhearsay factual allegations must establish that the defendant engaged in “[i]ntentional disobedience or resistance to the lawful process or other mandate of a court” (Penal Law § 215.50 [3]). To demonstrate that the defendant intentionally disobeyed the order of protection, the information must contain nonhearsay factual allegations which show that the defendant was aware of the order of protection at the time he allegedly violated it. Here, the information alleges that the defendant was aware of the order of protection because the complainant possesses an affidavit from Raul Ramirez Lopez stating that the latter served the defendant with the order. This allegation, an out of court statement offered for its truth, is hearsay (see Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]) which must be corroborated by a supporting deposition in order for the criminal contempt charge to be facially sufficient.
A supporting deposition is defined as a
“written instrument accompanying or filed in connection with an information . . . subscribed and *663 verified by a person other than the complainant. . . and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein” (CPL 100.20).
A supporting deposition may be verified in any of the manners specified under CPL 100.30 (1).
The People proffer the affidavit of service of the order of protection subscribed by Raul Ramirez Lopez as a supporting deposition since the facts it contains supplement the allegation that the defendant was aware of the order of protection and support the element that he intentionally violated it. Pursuant to the certified translation, the affidavit of service states that Raul Ramirez Lopez, “having been duly sworn, depose and declare[s]” that on April 3, 2011 the latter personally delivered a family court order to a person known to him as Manuel Joel Picado. Despite this declaration, the affidavit does not indicate that it was sworn to before a notary public (see CPL 100.30 [1] [e]) in that it bears neither the signature nor stamp of a notary public. The affidavit also lacks a form notice that false statements made therein are punishable by law (see CPL 100.30 [1] [d]). Finally, the affidavit was neither sworn to before the court, nor before a desk officer in charge at a police station or other authorized public servant (see CPL 100.30 [1] [a], [b], [c]). Because the affidavit is not properly verified, it does not conform to the requirements of a supporting deposition (see CPL 100.20) and is invalid.
Accordingly, the allegation that the defendant was aware of the order of protection because the complainant possesses an affidavit stating that he was served with it remains uncorroborated hearsay. Since the nonhearsay factual allegations in support of the charge of criminal contempt do not establish every element of the offense, the accusatory instrument is not a facially sufficient information with respect to that count. The defendant must be prosecuted by a valid information unless he waives such prosecution and consents to be prosecuted by a misdemeanor complaint (see CPL 170.65 [1]; People v Weinberg, 34 NY2d 429, 431 [1974]). No such waiver has occurred here. Because the People do not have “a valid accusatory instrument upon which the defendant may be brought to trial,” their statement of readiness on the charge of criminal contempt is illusory *664 (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990] [citations omitted]).
Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of commencement of a criminal action charging a defendant with a misdemeanor punishable by a sentence of imprisonment of more than three months. Whether the People have satisfied their obligation to be ready under CPL 30.30 is generally determined by calculating the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtracting statutorily excludable periods of delay and finally adding any additional delays that transpire after readiness has been declared when such delays are attributable to the People and are ineligible for any exclusions under the statute (see People v Cortes, 80 NY2d 201, 208 [1992]).
The defendant was arraigned on April 23, 2011 on the original misdemeanor complaint which charged him with criminal contempt in the second degree and harassment in the second degree. The People filed and served the underlying order of protection allegedly violated by the defendant at arraignment but did not file the supporting deposition from the complainant. The court adjourned the case to May 12, 2011 for the People to file and serve the supporting deposition required to convert the complaint into an information. Off calendar on April 28, 2011, the People filed and served the instant superceding information, charging the defendant with criminal contempt in the second degree, attempted assault in the third degree and harassment in the second degree, along with a statement of readiness on all counts. Since the People satisfied their obligation under the statute by announcing their readiness for trial upon a facially sufficient information as to the attempted assault and harassment counts, five days are chargeable to the People on those counts (see People v Giordano, 56 NY2d 524, 525 [1982]; Caussade, 162 AD2d at 8). In contrast, because the charge of criminal contempt was not a valid information, the People’s statement of readiness on that charge was illusory and 19 days are chargeable to the People on that count.
On May 12, 2011, the court adjourned the case to June 16, 2011 for the People to provide the defendant with open file discovery. On June 16, 2011, the People served open file discovery and the court adjourned the case to July 19, 2011 for trial. Delays occasioned by adjournments which are requested or consented to by the defendant are not chargeable to the *665 People (see People v Worley, 66 NY2d 523, 525 [1985]; People v Kopciowski, 68 NY2d 615, 617 [1986]). These adjournments are excludable as a period of delay for discovery by stipulation (see People v Thomas, 26 Misc 3d 144[A], 2010 NY Slip Op 50441[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2010]). The People are chargeable with zero days between May 12, 2011 and July 19, 2011.
On July 19, 2011, the People answered not ready for trial and requested two weeks. The court adjourned the case to August 4, 2011 for trial. Once the People have declared their readiness for trial they have satisfied their obligation under the statute (see Giordano, 56 NY2d at 524) and they are chargeable only with delay they have caused which “directly implicates [their] ability to proceed with trial” (Cortes, 80 NY2d at 210). The People are not chargeable with any delay in proceeding due to court congestion (see People v Chavis, 91 NY2d 500, 502 [1998]). Thus, 14 days are chargeable to the People on the attempted assault and harassment counts. In contrast, 16 days are chargeable to the People on the criminal contempt count.
On August 4, 2011, the People answered not ready for trial and requested two weeks. The court adjourned the case to September 27, 2011 for trial. Off calendar on August 15, 2011, the defendant filed the instant motion to dismiss the criminal contempt charge. The People filed and served their affirmation in opposition off calendar on September 22, 2011. On September 27, 2011, the court adjourned the case to October 27, 2011 for decision. Under CPL 30.30 (4) (a), “a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . pre-trial motions . . . and the period during which such matters are under consideration by the court” is specifically excluded from “the time within which the [P]eople must be ready for trial.” The time required for a defendant’s pretrial motions is rightfully excluded as a delay which has been “caused by the defendant for his own benefit” (Worley, 66 NY2d at 527). Indeed, while a defendant’s pretrial motion is sub judice, that period of delay is excludable regardless of the People’s readiness or unreadiness (see People v Douglas, 209 AD2d 161, 162 [1st Dept 1994]). Hence, 11 days are chargeable to the People on all counts for these adjournments.
Accordingly, to date 30 days are chargeable to the People on the attempted assault and harassment counts and 46 days are chargeable to the People on the criminal contempt count. The defendant’s motion to dismiss pursuant to CPL 30.30 therefore *666 is denied. The People are permitted to cure the defect in the criminal contempt charge and announce their readiness for trial on a valid information as to that count within the remaining speedy trial time.

. The People filed and served a superceding information with a statement of readiness off calendar on April 28, 2011.

. The People did not provide a certified translation of the affidavit of service until requested by the court in order to decide the instant motion. Although it would have been the better practice to file and serve the certified translation with the affidavit of service, the People’s delay in providing the certified translation does not change the character of the document. Had the certified translation demonstrated that the affidavit was a valid supporting deposition, the information would have been facially sufficient as of the date of the filing of the affidavit, regardless of the fact that it was written in Spanish. That is not the case, however.