OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant is accused of custodial interference in the second degree under Penal Law § 135.45 (1); she is alleged to have picked up her child at school in violation of a family court order granting custody of the child to the child’s father. It is a question of first impression whether a child’s school can be her “lawful custodian” under section 135.45 (1). As discussed below, the court concludes that it can.
But, nevertheless, the information here fails to allege facts necessary to support two of the remaining elements of section 135.45 (1)—intent and knowledge. Accordingly, defendant’s motion to dismiss for facial insufficiency is granted.[1] Sealing is stayed for 30 days.
I. Factual Background
A. The Allegations
According to the information, on April 25, 2014, defendant *622 picked up her daughter, N.L.,[2] from school, without the permission of the child’s father. Before this occurred, Family Court had entered an order awarding the father custody of N.L.
B. Legal Proceedings
Defendant was arraigned on April 25, 2014, on a misdemeanor complaint charging her with custodial interference in the second degree, under Penal Law § 135.45 (1). The court released the defendant and adjourned the case to May 12 for conversion. On May 4, off-calendar, the People filed a certificate of readiness (C.O.R.) and two necessary supporting depositions. However, on May 12, the court held that the People also needed to file the family court order of custody in order for the misdemeanor complaint to be converted, and adjourned the case to June 12 for that purpose. On May 20, again off-calendar, the People filed a C.O.R. and a certified copy of that order. The court deemed the misdemeanor complaint an information on June 12.
Defense counsel filed the instant motion to dismiss on July 17, 2014, and the People responded on September 17. The matter has been sub judice since then.
II. The Accusatory Instrument
The misdemeanor complaint, sworn out by Police Officer Samantha Villanueva, provides that
“I am informed by Olga Perez, who is employed as a School Safety Agent, that [at 2:45 p.m. on April 25, 2014], she observed the defendant pick up [N.L.] from school [located] at [East 103rd Street and Second Avenue in New York County].
“I am informed by Edgardo Lopez . . . that [N.L.] is his daughter and that the defendant did not have permission or authority to pick [N.L.] up from school. I am further informed by Mr. Lopez that, pursuant to an Order of Custody, issued by the Family Court of the State of [N]ew York and stamped April 23, 2014, Mr. Lopez has custody of [N.L.].”
The misdemeanor complaint was corroborated by the supporting depositions of Officer Perez, dated May 2, 2014, and Edgardo Lopez, dated May 2, 2014.
In addition, the certified copy of the custody order reveals that Edgardo Lopez is the father of N.L., who was born in 2007, and that the defendant is the child’s mother. The order awards *623 custody of N.L. and four other children to Edgardo Lopez, and also provides that defendant is permitted to have supervised agency visits with N.L. The order is dated August 11, 2010, and the certified copy is dated April 23, 2014.
The order has two boxes indicating service options: “Order mailed on [specify date(s) and to whom mailed]” and “Order received in court on [specify date(s) and to whom given].” Neither box, however, is checked.
III. Discussion
 The information here, which comprises the misdemeanor complaint, two supporting depositions and the family court order of custody, is facially insufficient. While it sufficiently alleges the child’s age, that defendant is the child’s mother, and that she took the child from the child’s “lawful custodian,” it does not make out a prima facie case that defendant intended to hold the child for a “protracted period,” and that she knew she lacked the legal right to pick the child up from school.
A. Facial Insufficiency in General
A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution: It ensures that a legally sufficient case can be made against the defendant. (People v Dumay, 23 NY3d 518 [2014]; People v Alejandro, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth “nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof.” (People v Kalin, 12 NY3d 225, 228-229 [2009], citing People v Henderson, 92 NY2d 677, 679 [1999]; CPL 100.40 [1] [c].) This is known as “the prima facie case requirement.” (Kalin, 12 NY3d at 229 [internal quotation marks omitted and emphasis added].)
The prima facie case requirement does not necessitate that the information allege facts that would prove defendant’s guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) Rather, the information need only contain allegations of fact that “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must subject the allegations in the information to a “fair and not overly restrictive or technical reading” (id.), assume that *624 those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]; see also Casey, 95 NY2d at 360.)
Under these principles, the information is facially insufficient.
B. The Statute
Penal Law § 135.45 (1) provides that a person commits custodial interference in the second degree when, “[b]eing a relative of a child less than sixteen years old, intending to hold such child permanently or for a protracted period, and knowing that he has no legal right to do so, he takes or entices such child from his lawful custodian.” This offense has five elements: (1) defendant is the relative of a child; (2) the child is less than 16 years old; (3) defendant intends to hold the child permanently or for a protracted period; (4) defendant takes or entices the child from her lawful custodian; and (5) defendant knows she has no legal right to do so.
C. The Information Here is Facially Insufficient
The facts pleaded here make out only the first three elements of the offense. The information is facially insufficient as to the remaining two.
1. Relationship and Age of Child are Sufficiently Pleaded
Neither the misdemeanor complaint nor the supporting depositions allege that defendant is N.L.’s mother and that N.L. was less than 16 years old on the date of the offense. But the court can incorporate the content of the family court order of custody into its assessment of the facial sufficiency of the information. (E.g. People v Henry, 167 Misc 2d 1027 [Nassau Dist Ct 1996] [court considered order of protection filed along with complaint]; People v Eastmond, 19 Misc 3d 824 [Crim Ct, NY County 2008] [court considered statement notice]; People v Leyva, 19 Misc 3d 498 [Crim Ct, NY County 2008] [collecting cases].) Based on the family court order, the court concludes that the information sufficiently pleads relationship and age.
The term “relative,” used in section 135.45 (1) means “a parent, ancestor, brother, sister, uncle or aunt.” (Penal Law § 135.00 [3].) Since the family court order reveals that defendant is N.L.’s mother, that element is sufficiently pleaded. Moreover, the order also reveals that N.L. was seven years old on April 25, 2014, the date of the offense.
2. “Lawful Custodian” is Sufficiently Pleaded
The information alleges that the defendant picked up her child from school. As a matter of first impression, the court *625 concludes that the phrase “lawful custodian” in Penal Law § 135.45 (1) can include either a person or an institution, and that the school was the child’s “lawful custodian.”
The Penal Law does not define the term “custodian.” But, as always, Penal Law provisions are construed “according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law § 5.00.) To determine the “fair import” of the term “custodian,” the court first turns to Black’s Law Dictionary, which provides that a “custodian” is a “person or institution that has charge or custody (of a child, property, papers, or other valuables).” (Black’s Law Dictionary [9th ed 2009], custodian [emphasis added].) This strongly suggests that the legislature understood the meaning of the term “custodian” and intended that it include institutions.
Further supporting this is the fact that the term “custodian” appears throughout New York’s statutory law, but does not exclusively refer to a natural person, even though it is true that in some areas the term refers only to a person. The court begins with the other provisions of the Penal Law, outside of article 135, that use the term “custodian.”[3] Most, but not all, of those sections use the term to refer only to a natural person. Penal Law § 140.10 (c) and (d) refer to the “custodian” of a school. Section 263.05 uses the term “custodian” in reference to a child in a way that could only refer to a person, while section 265.45 describes a “person” who is the “custodian” of certain firearms. On the other hand, according to section 420.00, either a prosecuting or law enforcement agency is described as the “custodian” of certain contraband.
Outside of the Penal Law, many other statutes also use the term “custodian” to refer to a person. For example, under Public Health Law § 2164 (1) (c), the term refers only to a person. Similarly, under Family Court Act § 1012 (g), a “custodian” is included in the definition of “[p]erson legally responsible.” (See Matter of Austin JJ., 232 AD2d 736 [3d Dept 1996].) Under the County Law, the term generally refers only to a person. (E.g. County Law §§ 225 [3]; 475 [2]; 550 [2].) And the same is true under the Domestic Relations Law. (E.g. Domestic Relations Law §§ 74 [1]; 240 [1-c].) Election Law § 1-104 (23) provides that a “voting machine custodian” is the person charged with the responsibility of repairing and maintaining voting machines. *626 Various provisions of the Environmental Conservation Law provide that certain persons are “custodians” of certain documents. (E.g. ECL 15-2105 [5]; 15-2129 [7]; 21-0901 [IV] [F].) Similarly, various provisions of the Executive Law designate certain individuals as custodians. (Executive Law §§ 256 [3]; 422 [5].)
On the other hand, in other statutes, the term “custodian” refers to either a person or an institution. Under EPTL 7-6.18 (b), a custodian can be either a person or a “trust company.” Abandoned Property Law § 300 (1) (f) provides that a “banking organization or its nominee” can be a custodian of certain types of securities. Certain provisions of the Family Court Act suggest that either a person or an institution or agency can be the custodian of a child. (E.g. Family Ct Act § 116 [e].)
And, finally, there are some instances where the term refers only to an institution. For example, under Rules of the State Liquor Authority (9 NYCRR) § 95.2 (b) (6), that Authority is the “custodian” of certain records. Under Education Law § 233 (1), a museum is the “custodian” of its collections. Section 11 (2) (a) (iv) of the General Municipal Law designates a “bank or a trust company” as the “custodian” for a local government’s certificates of deposit.
Given the wide range of meanings of the term “custodian” in New York, the court concludes that the “fair import” of the term in section 135.45 (1) of the Penal Law does not include only a natural person; an institution, such as a school, can also be the “custodian” of a child.
Penal Law § 5.00 also directs that the court construe the term in a manner that “promote[s] justice and effect[s] the objects of the law.” The “objects” of section 135.45 are straightforward—to protect children and promote respect for the law. The law protects by prohibiting relatives other than those with a legal right to the child from luring the child away. Preventing this type of behavior is critical to maintaining both the physical and emotional well being of the child. In addition, the statute promotes respect for the law by punishing persons who knowingly defy court orders granting custody of the child to someone else. Both of these goals would be seriously undermined if the protections of section 135.45 ended at the schoolhouse door; by contrast, furthering those goals clearly “promote[s] justice.” (Penal Law § 5.00.)
And, finally, there are additional policy reasons that support reading of the term “lawful custodian” to include a child’s *627 school. There is a real—and unacceptable—risk that holding to the contrary might discourage custodial parents, at least in those families where there has been a dispute over custody, from allowing their children to attend school. The court therefore concludes that a school can be a child’s “lawful custodian” for purposes of Penal Law § 135.45 (1), and that, accordingly, this element is sufficiently pleaded here.
3. The Remaining Elements are Insufficiently Pleaded
a. “Permanently or for a Protracted Period”
The bare allegation that defendant picked the child up from school does not sufficiently allege the intent to hold her either “permanently or for a protracted period.” There is no view of this action that would in any way suggest an intent to “permanently” hold the child, and the People do not seriously suggest that this particular intent is present here. Nor is there, moreover, any reasonable inference that would support the “protracted period” element.
The phrase “protracted period” retains its “everyday common sense meaning” of a “lengthy or unusually long time under the circumstances.” (People v Obertance, 105 Misc 2d 558, 559 [Crim Ct, Bronx County 1980].) But facts that do not meet this definition do not make out the element. Thus, for example, in People v Page (77 Misc 2d 277, 278 [Amherst Just Ct 1974]), the bare allegation that the defendant “entice[d] and encourage[d]” a child to leave her home did not sufficiently plead the “protracted period” element.
The cases where this element has been established, by contrast, all involved a notably “lengthy or unusually long time.” In Obertance, for example, defendant kept the children for eight days. (105 Misc 2d at 558.) In People v Sharp (104 AD3d 1325 [4th Dept 2013]), the defendant held the child overnight. In People v Morel (164 AD2d 677 [2d Dept 1991]), the defendant flew the child to the Dominican Republic and told the mother they would not return. People v Wyne (200 AD2d 779 [2d Dept 1994]), was a case where the defendant took the children to Pakistan and kept them there.
The facts here are much closer to those of Page than to those of these other cases. The information simply alleges that the defendant picked the child up from school. There is no fact pleaded that would suggest how much time the defendant spent with the child, or where she either brought or intended to bring the child. Nor does the information allege that she communicated *628 to the child’s father, or anyone else, her intention to retain the child.
Accordingly, the court is unable to conclude that the information sufficiently pleads this element.
b. Knowledge of the Family Court Order
The final element of section 135.45 (1) is the defendant’s knowledge that she lacked the legal authority to pick up the child from school. Here, the only fact alleged in the information showing that the defendant lacked this authority is the family court order granting custody of the child to the child’s father. But since neither the information nor the order itself alleges that defendant was aware of the order, this element is insufficiently pleaded.
There are several ways that the People can prove that a defendant has knowledge of a court’s order. This issue most commonly arises in criminal contempt cases, since the People must establish the defendant’s knowledge of the existence and terms of the order of protection she is alleged to have violated. (Penal Law § 215.50 [3].) In most cases, the face of the order identifies a method of service that was effectuated. (People v Caruso, 39 Misc 3d 137[A], 2012 NY Slip Op 52461[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012].) In other cases, there is separate proof of service. (E.g. People v Picado, 34 Misc 3d 660 [Crim Ct, Queens County 2011].) Absent proof of service, the defendant’s knowledge can be established by her admission that she knew of the order (e.g. People v Cung, 112 AD3d 1307 [4th Dept 2013] ), or by statements of other persons with firsthand knowledge of this fact. (E.g. People v Dixon, 118 AD3d 1188 [3d Dept 2014] [two witnesses testified as to defendant’s knowledge of an order of protection].)
Absent such direct evidence, a defendant’s knowledge can potentially be established by circumstantial evidence; for example, in some cases a defendant’s behavior can demonstrate her knowledge. (People v VanVorst, 118 AD3d 1035 [3d Dept 2014] [defendant’s conduct can serve as circumstantial evidence of knowledge].) For example, in a case where a defendant is subject to an order of protection requiring her to stay away from a protected party’s home, evidence that she tried to sneak into that person’s home through a rear window, instead of entering by the front door, might be circumstantial evidence that she knew she was not permitted to be there.
But here, the information fails to allege any of these facts. The family court order itself contains two service options— *629 service by mail or service in person. Neither box is checked, however, and there is no separate proof of service. The information does not allege that defendant admitted knowing about the family court order, nor does it allege statements of other persons who might bear witness to the defendant’s knowledge. And, finally, it does not allege the type of furtive behavior on the part of the defendant that might serve as a basis for inferring knowledge circumstantially.
Accordingly, the court is constrained to conclude that the information fails to sufficiently plead this element. The family court order clearly establishes that the defendant lacked the legal right to pick N.L. up from school, but the information fails to allege that she knew about this order.
D. Conclusion
The information is facially insufficient. The motion to dismiss is accordingly granted, with a 30-day stay of sealing.
IV Conclusion
For the foregoing reasons, defendant’s motion to dismiss is granted. Sealing is stayed for 30 days.

. In deciding this motion, the court has considered defendant’s motion papers, the People’s opposition and the relevant statutes and cases.

. The court is using a pseudonym to protect the child’s privacy.

. Sections 135.25 (3), 135.45 (1), the statute at issue here, and 135.55 all use the phrase “lawful custodian” without defining it.