[1 NYS3d 756]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v SEAN LOWE, Defendant.

Criminal Court of the City of New York, New York County, January 13, 2015

APPEARANCES OF COUNSEL

*Lewis F. Gladston* for defendant.

*Cyrus R. Vance, Jr., District Attorney (Jessica Peck* of counsel), for plaintiff.

## OPINION OF THE COURT

STEVEN M. STATSINGER, J.

Defendant, charged with endangering the welfare of a child, moves to dismiss, arguing that the information is facially insufficient. As a matter of apparent first impression, the court concludes that an information alleging that the defendant was highly intoxicated at a time that he was supposed to be caring for two small children makes out a prima facie case of endangering the welfare of a child under Penal Law § 260.10 (1). Accordingly, defendant's motion is denied.[1]

Defendant also moves to suppress certain post-arrest statements; as to that, the court grants a *Dunaway / Huntley* hearing.

## I. Factual Background

### A. The Allegations

According to the accusatory instrument, on the afternoon of June 28, 2014, a New York City firefighter responded to a radio call about an unconscious individual. He came upon the defendant on a street corner in Upper Manhattan. Defendant was hanging off of a bench, and appeared to be intoxicated. The firefighter could not awaken the defendant and had to put him on a stretcher and into an ambulance.

An EMT officer responded to that same radio call. She also observed that defendant was unconscious and reeked of alcohol, and that a four-year-old child was standing nearby being supervised by a stranger on the street.

Before he was taken away in the ambulance, defendant regained consciousness and told a police officer, "My 4 year old is right there. I just got custody of her. My 3 year old is missing."

---

**1.** In deciding this motion, the court has considered the written arguments of the parties, the documents in the court file and the relevant statutes and case law.

## B. Legal Proceedings

Defendant was arraigned on June 29, 2014 on a misdemeanor complaint charging him with one count of endangering the welfare of a child, in violation of Penal Law § 260.10 (1). The court set bail and adjourned the case for conversion. Defendant eventually posted bond and the People filed the necessary supporting depositions, converting the misdemeanor complaint into an information.

Defendant filed the instant motion on October 20, 2014, and the People responded on November 12. The matter has been sub judice since then.

## II. The Information

The information, sworn out by Police Officer Carlos Castillo, provides that

> "I am informed by [a New York City firefighter] that [he] responded to a call for an unconscious male at [4:00 p.m. on June 28, 2014], at [the northwest corner of West 139th Street and Saint Nicholas Avenue]. [He] observed the defendant hanging half on and half off a bench. He smelled a strong odor of alcohol coming from the defendan[t]. He tried to wake the defendant up, but the defendant would not move. [He] had to place the defendant on a stretcher and put him in an ambulance.

> "I am informed by [an EMT technician] that [she] responded to the same call for an unconscious male. [She] also observed the defendant unconscious and smelled a strong odor of an alcoholic beverage em[a]nating from the defendant. She also observed that a four (4) year old was standing in the vicinity and was being supervised by a passerby on the street.

> "When I arrived at the scene, I observed the defendant state to me, in substance: 'My 4 year old is right there. I just got custody of her. My 3 year old is missing.' "

The People corroborated the misdemeanor complaint by filing supporting depositions of both the firefighter and the EMT technician. The supporting deposition of the firefighter contains a handwritten emendation, in which he explained that he did not smell alcohol on the defendant as reported in the misdemeanor complaint, but rather, observed other physical signs— "fixed pupils and an altered mental status"—suggesting that

the defendant was under the influence of a controlled substance.

## III. Discussion

Defendant argues primarily that the misdemeanor complaint was never converted to an information because the misdemeanor complaint attributed to the firefighter a report that the defendant appeared intoxicated by alcohol, but the firefighter's supporting deposition alleged that the defendant was under the influence of a controlled substance, and not of alcohol. The court rejects this argument and concludes that the misdemeanor complaint was converted to an information by the supporting depositions of the firefighter and the EMT technician.

In addition, the court also concludes that the allegation that the defendant was highly intoxicated while he was supposed to be supervising his two young children sufficiently pleads endangering the welfare of a child under section 260.10 (1).

### A. The Misdemeanor Complaint is Converted

The court rejects defendant's argument that the supporting deposition of the firefighter, which alleged that the defendant was under the influence of a controlled substance and not, as reported in the misdemeanor complaint, under the influence of alcohol, failed to convert the misdemeanor complaint.

The misdemeanor complaint is converted because the two supporting depositions—that of the firefighter and the EMT technician—when read in conjunction with the misdemeanor complaint contain "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof." (*People v Kalin*, 12 NY3d 225, 228-229 [2009].) The conversion requirement is intended simply to ensure that the case can only move forward to trial based on first-party allegations. That requirement is satisfied here.

Nor is there any merit to defendant's complaint that the firefighter's supporting deposition changed the People's theory of prosecution in a way that requires a new charging instrument. Rather, an information need only contain allegations of fact that "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense." (*People v Casey*, 95 NY2d 354, 360 [2000].) That standard is clearly satisfied here. The information alleges that the defendant was highly intoxicated when he was supposed to be supervising two small children. Whether he was specifically under the influence of a controlled substance or of alcohol, or both, is immaterial.

Finally, the court notes that, in any event, even if the court agreed with defendant's argument, dismissal would not be the appropriate remedy. Rather, the case would simply be adjourned for conversion. Thus, for example, in *People v Rivera* (45 Misc 3d 386 [Crim Ct, NY County 2014, Statsinger, J.]), this court concluded that a trademark affidavit did not convert a misdemeanor complaint to an information because the affidavit itself was based on hearsay. But the court did not dismiss the case; rather it "adjourned [the case] for conversion, subject to the usual CPL 30.30 time parameters." (*Id.* at 395; *see also People v Picado*, 34 Misc 3d 660 [Crim Ct, Queens County 2011].) Thus, even if there were any merit to defendant's claim, the motion to dismiss would still be denied.

B. The Information is Facially Sufficient

The information alleges that the defendant was highly intoxicated—to such a degree that a firefighter could not immediately revive him—on a public street while, if the defendant's own account is to be believed, his two small children were supposed to be in his care. One of those children was ultimately found being minded by a stranger on the street, while the other was, to quote the defendant, "missing." These facts sufficiently plead endangering the welfare of a child under Penal Law § 260.10 (1).

1. Facial Insufficiency in General

A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution: It ensures that a legally sufficient case can be made against the defendant. (*People v Dumay*, 23 NY3d 518 [2014]; *People v Alejandro*, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof." (*Kalin*, 12 NY3d at 228-229, citing *People v Henderson*, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c].) This is known as "the prima facie case requirement." (*Kalin*, 12 NY3d at 229.)

The prima facie case requirement does not necessitate that the information allege facts that would prove defendant's guilt beyond a reasonable doubt. (*People v Jennings*, 69 NY2d 103 [1986].) Rather, the information need only contain allegations of fact that "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense." (*People v Casey*, 95 NY2d at 360.) A court reviewing for facial insufficiency must

subject the allegations in the information to a "fair and not overly restrictive or technical reading" (*id.*), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; *People v Jackson*, 18 NY3d 738, 747 [2012]; *see also Casey*, 95 NY2d at 360.) Under these principles, the information is facially sufficient.

2. The Allegation of Defendant's Serious Intoxication is Sufficient

The combination of small children, adults and drugs or alcohol is a dangerous one, indeed. New York courts have consistently recognized that the potentially disastrous consequences that are likely to arise in such situations make out the offense of endangering the welfare of a child under Penal Law § 260.10 (1).

For example, driving while intoxicated with a child in the car constitutes endangering the welfare of a child. (*E.g. People v Cruz*, 152 Misc 2d 436, 440 [Crim Ct, NY County 1991] ["It takes little imagination to recognize the likelihood of harm to the children implicit in defendant's conduct where, with unsteady feet, he was working the accelerator and brake system as he drove at 9:30 at night across a bridge, his eyes blurry and his voice slurred by the amount of alcohol he had ingested" (alteration, internal quotation marks, and citation omitted)].) The same is true where an adult provides drugs or alcohol to children. (*E.g. People v Strickland*, 78 AD3d 1210 [3d Dept 2010] [defendant provided alcohol to a child and blew marijuana smoke in her face]; *People v Williams*, 277 AD2d 508 [3d Dept 2000].) Even leaving dangerous drugs in the open, where they might be consumed by the child, can make out this offense. (*People v Gunter*, 32 Misc 3d 1202[A], 2011 NY Slip Op 51149[U] [Crim Ct, NY County 2011] [cocaine in open view on top of refrigerator]; *People v Portorreal*, 25 Misc 3d 1238[A], 2009 NY Slip Op 52485[U] [Crim Ct, Queens County 2009] [defendant lived with her three-year-old daughter in an apartment where marijuana was packaged for sale]; *People v Alvarez*, 20 Misc 3d 606 [Crim Ct, NY County 2008] [defendant had children in an apartment where marijuana was present and being used].)

This case is, apparently, however, the first in which a court has been called upon to examine a situation in which a parent is highly intoxicated while a child is supposed to be under his care, without evidence that the defendant consumed drugs in

the child's presence.[2] Nevertheless, the court has little trouble concluding that the facts alleged here readily make out a prima facie violation of Penal Law § 260.10 (1).

A person is guilty of endangering the welfare of a child under Penal Law § 260.10 (1) when he knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child younger than 17 years old. For a defendant to be liable under this section, he "must simply be *aware* that the conduct may likely result in harm to a child." (*People v Johnson*, 95 NY2d 368, 372 [2000].) Actual harm to the child need not occur; nevertheless, harm must be likely, and not merely possible, as a result of the defendant's actions. (*Id.* at 371; *see also People v Duenas*, 190 Misc 2d 801 [App Term, 2d Dept 2002].) Finally, defendant's conduct need not be directed specifically at the child for section 260.10 (1) to apply. (*Johnson*, 95 NY2d at 371.)

The appalling facts alleged here give rise to a reasonable inference of each and every element of this offense. Defendant had the gravely important responsibility of caring for his two small children—according to him, a three year old and a four year old. He wound up on a public street, either drunk or high or both, and unconscious. One of the children was being cared for by a stranger nearby, while the other, who was only three years old, was "missing." Defendant's actions clearly posed more than a mere possibility of harm to the children; the likelihood of serious harm to them was all too real. They could easily have wandered into the street and been hit by a car, or have been abducted by a stranger. In addition, there is every reason to conclude that when the defendant began drinking or taking drugs in the middle of the afternoon, while his two small children were in his care, he knew that he was placing his children at risk of harm.

Accordingly, for these reasons, the information is facially sufficient.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss for facial insufficiency is denied. However, the court grants a *Huntley / Dunaway* hearing.

---

**2.** It is regularly held in family court proceedings, without any real controversy, that the use of controlled substances while caring for children constitutes neglect. (*See e.g. Matter of Shane I.*, 300 AD2d 709 [3d Dept 2002].)